# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MOREJON,<br>　　　　　Petitioner,<br>　v.<br>PAUL M. SCHULTZ, Warden,<br>　　　　　Respondent. | 1:05-cv-00133-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION<br>TO DISMISS PETITION FOR WRIT<br>OF HABEAS CORPUS<br><br>(Doc. 1) |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant federal petition on February 1, 2005. (Doc. 1). The petition and attached documents indicate that in July 1996, Petitioner was convicted in the United States District Court for the Southern District of Florida of one count of conspiracy to possess cocaine with intent to distribute, and he was sentenced to a term of 292 months. (Id.). In June 2003, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 was denied. (Id.).

　　　　Petitioner now brings this habeas petition, purporting to challenge the execution of his sentence insofar as the Bureau of Prisons ("BOP") is "knowingly and intentionally maintaining false and inaccurate information in Petitioner's central file records." (Id.). Specifically, Petitioner maintains that documents from his trial--the pre-sentence investigation report,

1

judgment, and commitment order--contain "adverse" and false "determinations" regarding his prior convictions. (Id.). Petitioner advised the BOP about the inaccuracies in these records but the BOP has "failed to seek the correction of the erroneous report and judgment and commitment order," which would have made Petitioner eligible to be classified as a "low custody and [low] security level inmate" and thus eligible for more favorable "job and quarter assignment, parole, and the opportunity to earn money, good time credit and release." (Id.). Petitioner seeks removal of the "unconstitutional prior convictions" from his records, re-computation of his sentence, and civil penalties and monetary damages in the amount of $10,000. (Id.).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that the pre-sentence investigation report, the judgment, and commitment order contain erroneous information about certain prior convictions which has adversely affected the execution of his sentence, is a thinly-disguised attempt to circumvent the prohibition against using a habeas corpus petition to collaterally attack a conviction or sentence. Unquestionably, an error in a pre-sentence report can affect the computation of a sentence by the sentencing court. It is likewise without question that the direct and indirect consequences of such a miscalculated sentence, if left uncorrected, may follow a prisoner throughout his incarceration.

However, the proper vehicle for challenging such an error is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Although Petitioner strains to fit his case within the parameters of § 2241 by recounting the many ways in which these "erroneous" sentencing errors continue to affect him while incarcerated, it is apparent that his real challenge is to his underlying sentence itself, not to the way in which that sentence is presently being carried out by the BOP.

If Petitioner's reasoning were correct, then *every* sentencing challenge under § 2255 could, in the alternative, properly be brought as a habeas petition because such collateral consequences as a prisoner's security classification, work availability in prison, the possibilities for parole, etc., are *always* contingent upon the nature of the conviction and the length of the underlying sentence. Because Petitioner is in reality challenging his sentence, not its execution, he is precluded from bringing such a collateral attack in a petition filed pursuant to § 2241. Grady, 929 F.2d at 470; Tripati, 843 F.2d at 1162;

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of

limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner states that he seeks relief pursuant to § 2241 because he is "challenging the execution of his sentence, not the imposition of his sentence. Thus § 2255 is inadequate and ineffective." (Doc. 1, p. 2). The Court, however, has already concluded that Petitioner is effectively challenging his sentence, not its execution. Moreover, other than his conclusory assertion, Petitioner has provided no facts or circumstances establishing that § 2255, in this context, is either inadequate or ineffective. Although Petitioner indicates that he unsuccessfully brought a motion pursuant to § 2255 in 2003, the denial of a prior § 2255 motion, as mentioned above, does not render it inadequate or ineffective. Aronson, 85 S.Ct. at 5; Lorentsen, 223 F.3d at 953. Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Southern District of Florida. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

4

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 19, 2005**              /s/ Theresa A. Goldner
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE